UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KONT, INC. <br>    *Plaintiff* | § <br> § <br> § | |
| v. | § <br> § | C.A. NO.: 3:25-CV-00013 |
| COVINGTON SPECIALTY <br> INSURANCE COMPANY <br>    *Defendant* | § <br> § <br> § <br> § | |

**NOTICE OF REMOVAL BY DEFENDANT**
**COVINGTON SPECIALTY INSURANCE COMPANY**

Defendant Covington Specialty Insurance Company ("Covington") files this Notice of Removal under 28 U.S.C. §§ 1441 and 1446, as follows:

### I.    Introduction

1. This lawsuit concerns a dispute over two insurance claims for property damage made under two commercial insurance policies issued by Covington (the "Policies").

2. On November 26, 2024, Plaintiff filed suit against Covington, in a case styled Cause No. DC-24-20619; *Kont Inc. v. Covington Specialty Insurance Company*; in the 95th District Court of Dallas County, Texas (the "State Court Lawsuit"). The address of the 95th District Court of Dallas County, Texas is 600 Commerce Street, Dallas, Texas 75202.

3. On December 5, 2024, Covington received a copy of Plaintiff's Original Petition filed in the State Court Lawsuit, with citation.

## II.     Removal is Timely, Proper, and Lawful

4. Removal is timely because Covington files this Notice of Removal within the 30-day time-period required by 28 U.S.C. § 1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

5. Removal to this District and Division is proper pursuant to 28 U.S.C. § 1441(a) because the state court where the lawsuit is pending is located in this District and Division. 28 U.S.C. § 124(a)(1).

6. Removal is lawful because a defendant is permitted to remove a civil action from state court to a federal district court that has original jurisdiction. 28 U.S.C. § 1441(a). Among other circumstances, federal district courts have original jurisdiction over cases between completely diverse citizens involving an amount in controversy of at least $75,000.00. 28 U.S.C. § 1332(a).

### A.     The Parties are Diverse

7. A corporation is a citizen of (1) every state where it is incorporated and (2) the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 88-89 (2005).

8. Here, Covington is a citizen of New Hampshire, where it is incorporated, and Georgia, where it maintains its principal place of business.

9. Plaintiff is a corporation. Plaintiff alleges that it is domiciled in Dallas, County Texas. (ECF Doc. # 1-6 p. 1 at ¶ 2).

10. Information available via the Texas Secretary of State indicates that Plaintiff

is incorporated in Texas.

11. Covington was not able to identify where Plaintiff maintains its principal place of business, but information available via the Texas Secretary of State indicates that Plaintiff's registered office is in Coppell, Texas.

12. Therefore, after conducting a diligent investigation, Covington pleads, based on information and belief, that Plaintiff is a citizen of Texas.

**B.     Amount in Controversy Exceeds $75,000.00**

13. "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.' In deciding this question of good faith we have said that it 'must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

14. A defendant can support removal by showing the face of the petition establishes the claims likely exceed $75,000.00 or, alternatively, the evidence shows that the amount in controversy is more than $75,000.00. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); 28 U.S.C. § 1446(c).

15. Plaintiff states in its Original Petition that it "is seeking monetary relief over $250,000 but no more than $1,000,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees." (ECF Doc. # 1-6, p. 2 at ¶ 4). Thus, the face of the Original Petition establishes Plaintiff's claims exceed $75,000.00.

16. "Where a claim involves the applicability of an insurance policy to a specific occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim.'" *Garza v. State Farm Lloyds*, 2018 WL 8638780, at *3 (S.D. Tex. May 3, 2018) (quoting *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (per curiam); *see Santiago v. State Farm Lloyds*, 2013 WL 1880845, at *4-5 (S.D. Tex. 2013) (holding a breach of contract claim facially implicating policy limits, which exceeded the amount in controversy threshold, sufficiently measured the value of the claim). In addition, exemplary damages, treble damages, and attorney fees are included as part of the amount in controversy. *Bates v. Laminack*, 938 F. Supp. 2d 649, 655 (S.D. Tex. 2013) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240–41, 64 S.Ct. 5, 88 L.Ed. 15 (1943)); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873–74 (5th Cir.2002).

17. The Policies at issue provide coverage to five premises with separate limits. The two premises at issue have limits of coverage of $500,000.00 and $200,000.00.

18. In addition, Plaintiff states in correspondence to Covington dated September 11, 2024, that it is entitled to $202,353.16 of insurance proceeds for one claim and $116,300.92.

19. To properly set the amount in controversy below $75,000.00, Plaintiff needed to stipulate that it does not seek and would not accept more than $75,000.00. *Johnson v. Ocean Harbor Casualty Insurance Co.*, 2019 WL 13214977, *1-2 (S.D. Tex. Nov. 4, 2019) (plaintiffs' stipulation supporting remand stated the amount of damages plaintiffs sought and would accept did not exceed $75,000.00); *Williams v. Companion*

*Property & Cas. Ins. Co.*, 2013 WL 2338227, *2 (S.D. Tex. May 27, 2013) ("The statement in the stipulation that [Plaintiff] Williams and counsel will neither seek nor accept more than $75,000 in state court after remand establishes to a legal certainty that Williams will not be able to recover more than $75,000.00.") (citing *Vidaurri v. H.M.R. Props.*, 2007 WL 1512029, *6 (W.D. Tex. Mar. 8, 2007) (finding no legal certainty that the amount in controversy was less than $75,000 because the plaintiff did not provide a "binding stipulation that she will not seek or accept more than $75,000.00."); *Adams v. Fednat Insurance Company*, 2019 WL 13189854, *1 (S.D. Tex. Nov. 11, 2019) ("The plaintiff may satisfy the legal-certainty test by filing a binding stipulation or affidavit that limits the recovery to $75,000.00 or less. Specifically, a binding stipulation—filed before removal—that states the plaintiff will not accept more than $75,000.00, exclusive of interest and costs, satisfies the legal-certainty test.") (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002) and *Williams v. Companion Prop. & Cas. Ins. Co.*, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013) (Rosenthal, C.J.)).

20. Plaintiff has not established to a legal certainty that it seeks $75,000.00 or less and would not accept more than $75,000.00 because it did not submit a proper stipulation. Therefore, the amount in controversy is determined by the Original Petition and the value of the underlying insurance claim. Plaintiff asserts that the underlying insurance claims is valued at over $300,000.00 and in its Original Petition alleges that it is entitled to over $250,000.00.

21. Accordingly, the requirements needed for federal diversity jurisdiction are met as between Plaintiff and Covington.

### III.   Jury Demand

22.    Plaintiff did demand a jury in the State Court Lawsuit.

### IV.   Conclusion and Contemporaneous Removal Filings

23.    The State Court Lawsuit should be removed to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy is in excess $75,000.00.

24.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be given to Plaintiff and filed in the State Court Lawsuit promptly after the filing of this Notice.

25.    Pursuant to 28 U.S.C. §1446(a), the following documents are being filed simultaneously and as exhibits to this notice of removal:

1. Civil cover sheet;
2. A supplemental civil cover sheet;
3. Index of documents being filed;
4. State Court Lawsuit Docket Sheet;
5. All executed process in the case;
6. Pleadings asserting causes of action;
7. Answers to such pleadings;
8. A list of all counsel of record, including addresses, telephone numbers, and parties represented; and
9. Covington's Certificate of Interested Persons.

26.    WHEREFORE, Defendant Covington Specialty Insurance Company requests that this action be removed from the 95th County District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ John Michael Raborn*
    John Michael Raborn
    State Bar No. 24057364
    jraborn@sbsb-eastham.com

**Schouest, Bamdas, Soshea, BenMaier & Eastham PLLC**
1001 McKinney Street, Suite 1400
Houston, Texas 77002
713-588-0446
713-574-2942 fax

By: /s/ *Reid Hudgins*
    Reid Hudgins
    Local counsel
    State Bar No. 24092544
    rhudgins@sbsb-eastham.com

5956 Sherry Lane
20th Floor
Dallas, Texas 75225
Telephone: 945-468-2310
Fax: 713-574-2942

**ATTORNEYS FOR DEFENDANT COVINGTON SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      I certify that on January 3, 2025, a true and correct copy of the foregoing was served on all counsel of record, including those listed below, via any proper method of service allowed by the Federal Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to by the parties.

Mikal D. Williams
mwilliams@hodgefirm.com
Shaun W. Hodge
shodge@hodgefirm.com
**The Hodge Law Firm, PLLC**
1301 Market Street
Galveston, Texas 77550
Tel: (409) 762-5000
Fax: (409) 763-2300

**ATTORNEYS FOR PLAINTIFF
KONT INC.**

                                                                      /s/ *John Michael Raborn*
                                                                        John Michael Raborn